**JUDGE WOODS**

ZEICHNER ELLMAN & KRAUSE LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

19 CV 7398

YOAV M. GRIVER
(212) 826-5338
ygriver@zeklaw.com

WWW.ZEKLAW.COM

August 6, 2019

**BY HAND**

Honorable Jed S. Rakoff
United States District Judge for
  the Southern District of New York
500 Pearl Street, Courtroom 14B
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

**David Kenzo Hakuta *et al.* v. Lucas Werthein *et al.***
**(Letter Request to File Complaint Under Seal)**

Dear Judge Rakoff:

I and my firm David Kenzo Hakuta and Kenzo Digital Media, LLC, the putative Plaintiffs in this nascent action. For the reasons set forth below, Plaintiffs respectfully requests that they be allowed to file their complaint and associated exhibits under seal.

Briefly stated, Plaintiffs are suing their direct competitor, Cactus Technologies LLC ("Cactus"), and Cactus' principals and sponsor, for trade dress infringement, breach of contract, and other related causes of action. Plaintiffs are one of the world's foremost producers and directors of experiential multi-media productions. One of these productions, the Social Galaxy, has been mimicked by the defendants to Plaintiffs' detriment. Plaintiffs bring the instant complaint to protect themselves, put an end to defendants' wrongful infringement, and obtain appropriate redress for their damages in an amount to be determined at trial.

Initial sealing of the complaint is required because, on July 31, 2017, Plaintiffs entered into a Confidential Mutual Release and Settlement Agreement ("Agreement"), the breach of which forms the basis for the breach of contract and tortious interference with contract causes of action in the complaint. The Agreement, however, contains a confidentiality provision that purports to prevent dissemination of the "Agreement and its contents." Agreement ¶ 9. To properly explain defendants' wrongdoing, Plaintiffs must include facts in the complaint that disclose the Agreement and its contents. Defendants could then use that disclosure to bring a counterclaim. *See, e.g., Sullivan v. Harnisch*, 2011 N.Y. Misc. LEXIS 7264 (N.Y. Sup. Ct. July 15, 2011) (bringing counterclaim for improper dissemination of confidential information when former COO brought lawsuit claiming he was terminated after uncovering certain trading

SO ORDERED
[signature] Jed S. Rakoff
USDJ (Part I) - 8/6/19

NEW YORK | CONNECTICUT | NEW JERSEY | WASHINGTON, D.C. | TEL AVIV

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Jed S. Rakoff
August 6, 2019
Page 2

improprieties). To avoid any such dispute or result, Plaintiffs respectfully request an Order allowing them to file their complaint under seal.

It is our hope that, after the complaint is filed under seal, we can discuss the facts in it with defendants' counsel and reach an agreement to partially or fully unseal the complaint. Further, when the complaint is filed and the case is assigned, the assigned judge will have the opportunity to examine the contents of the complaint to determine whether continued sealing is appropriate pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The requested relief thus seeks to properly balance Plaintiffs' right to seek relief from this Court with any good faith confidentiality concerns defendants may have regarding the information contained in the complaint.

Respectfully Submitted,

Yoav M. Griver
Attorney for Plaintiffs

YMG:omc