USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID KENZO HAKUTA and KENZO
DIGITAL MEDIA, LLC,

                      Plaintiffs,

-v-

LUCAS WERTHEIN, CACTUS
TECHNOLOGIES LLC, NOAH WAXMAN,
MARCELO PONTES, FELIPE REIF,
ACCENTURE INTERACTIVE,

                      Defendants.
-----------------------------------------------------------------X

1:19-cv-7398-GHW

UNSEALING ORDER

GREGORY H. WOODS, United States District Judge:

    On August 6, 2019, Judge Rakoff—acting as the assigned judge for Part I—issued an order allowing Plaintiff to file its complaint and accompanying case-initiating documents under seal. Dkt No. 5. Plaintiffs' letter requesting that the case be filed under seal noted that "when the complaint is filed and the case is assigned, the assigned judge will have the opportunity to examine the contents of the complaint to determine whether continued sealing is appropriate[.]" *Id.* at 2. In their initial request to file the case under seal, Plaintiffs noted that "[i]t is our hope that, after the complaint is filed under seal, we can discuss the facts in it with defendants' counsel and reach an agreement to partially or fully unseal the complaint." Id. To date, the parties have not provided a more specific justification for sealing the complaint and accompanying case-initiating documents or made any proposal for more limited redactions.

    The Court has reviewed the documents submitted by the parties to date. These documents are "judicial documents" because they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995). The Second

Circuit has held that the presumption is for "immediate public access to" such documents, and "applies under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). Although judicial "documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand," *id.* at 124, the parties have not provided the requisite "compelling reason" for keeping these documents sealed despite having nearly three months to do so. *City of Harford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991). Accordingly, the Clerk of Court is directed to all documents previously filed under seal without delay.

SO ORDERED.

Dated: November 21, 2019
New York, New York

GREGORY H. WOODS
United States District Judge

2